# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HAYMORE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PAUL COPENHAVER,<br><br>　　　　Respondent. | Case No. 1:13-cv-01340-SAB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DIRECTING CLERK OF COURT TO TERMINATE ACTION<br><br>(ECF No. 1) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on August 23, 2013.  Petitioner contends the Bureau of Prisons (BOP) is forcing him to participate in the Inmate Financial Responsibility Program (IFRP).  Petitioner contends the sentencing court improperly delegated to the BOP the amount and timing of his restitution and special assessment payments because the court ordered the payment due in a "lump sum."  (Pet. at 7.)  In support of his argument, Petitioner relies on the Ninth Circuit's decision in Ward v. Chavez, 678 F.3d 1042, 1044 (9th Cir. 2012), which held that "where the sentencing court failed to consider whether the defendant has the financial resources to pay restitution immediately, ordering immediate payment impermissibly delegates to BOP the court's obligation to set a payment schedule."  Petitioner

argues that the holding in Ward should apply equally to the imposition of the special assessment owed by him in the amount of $1,100.00.

# I.

# DISCUSSION

## A.  Venue

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California.  Since Atwater is located within the Eastern District of California, venue is proper in this Court.

## B.  Exhaustion of Administrative Remedies

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.

The Bureau of Prisons has established an administrative remedy procedure governing prisoner complaints. The procedure is set forth at 28 C.F.R. § 542.10 et. seq.  First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy.  28 C.F.R. § 542.13 (1999).  If dissatisfied with the response, the prisoner may proceed with the formal filing of an Administrative Remedy Request.  28 C.F.R. § 542.14 (1999).  Upon denial by the institution, the prisoner may appeal the decision by filing a

complaint with the Regional Director of the BOP. 28 C.F.R. § 542.15 (1999). The Regional Director's decision may be appealed to the General Counsel in Washington, D.C. <u>Id.</u> Appeal to the General Counsel is the final step in the administrative remedy process. <u>Id.</u>

Petitioner argues that exhaustion would be futile based on BOP policy. However, the Court finds exhaustion of the administrative remedies would not be futile in this instance. Where administrative exhaustion may allow an agency the opportunity to remedy a mistake before making an appearance in court, exhaustion is appropriate. <u>See</u> <u>McCarthy v. Madigan</u>, 503 U.S. 140, 145 (1992).

As previously stated, in <u>Ward v. Chavez</u>, the Ninth Circuit held that "where the sentencing court failed to consider whether the defendant has the financial resources to pay restitution immediately, ordering immediate payment impermissibly delegates to BOP the court's obligation to set a payment schedule." 678 F.3d at 1044. The Ninth Circuit excused Ward's failure to exhaust the administrative remedies in that case finding that further administrative review beyond the first level would have been futile because the denial was based on policy. It further noted that the sentencing court had acknowledged that its restitution order was unlawful, yet the BOP continued to collected restitution from Ward which demonstrated that BOP was acting pursuant to its official policy of the IFRP. <u>Id.</u> at 1046.

<u>Ward</u> is distinguishable from the instant case because it did not involve a mandatory assessment made pursuant to participation in the IFRP and/or the issue of exhausting a claim related to that type of payment.[1] Petitioner concedes he has not filed any administrative remedy requests challenging the special assessment payments. (Pet. at 3, 8.) Thus, any assumption that the BOP would deny Petitioner's claim solely due to reliance on the existence of the IFRP would rest on pure speculation. Accordingly, the Court concludes that waiving Petitioner's failure to exhaust the administrative remedies is inappropriate, and the petition should be dismissed for failure to exhaust the administrative remedies.

---

[1] The scheduling of payments for fines may be delegated to a third party such as the BOP. <u>United States v. Gunning</u>, 401 F.3d 1145, 1150 (9th Cir. 2005) (the Mandatory Victims Restitution Act "does not speak to fines at all" and "a distict court could delegate scheduling of the payment of fines to the BOP."). Special assessments are collected "in the manner that fines are collected in criminal cases." 18 U.S.C. § 3013(b).

**II.**

**ORDER**

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED without prejudice; and

2. The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

Dated:   **September 5, 2013**

UNITED STATES MAGISTRATE JUDGE